IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o J.D., C.N., D.Z., and L.U.,<br><br>    Plaintiff(s),<br><br>    v.<br><br>VERIZON COMMUNICATION, INC., ABC CORP. (1-10) (said names being fictitious and unknown entities),<br><br>    Defendant(s). | Civil Action No.: 2:13-cv-01561-SDW-MCA |

**ANSWER AND AFFIRMATIVE DEFENSES OF VERIZON COMMUNICATIONS INC. TO THE COMPLAINT OF PATIENT CARE ASSOCIATES LLC**

Defendant Verizon Communications Inc. (improperly pled as "Verizon Communications, Inc." and hereinafter, "Verizon") hereby answers the Complaint filed by Plaintiff Patient Care Associates LLC ("Plaintiff") and asserts the following Affirmative Defenses.

### THE PARTIES

1. With respect to the allegations contained within paragraph 1 of the Complaint, Verizon admits only that Plaintiff holds itself out to be an ambulatory surgery center specializing in a wide array of surgical procedures and having its office located at 500 Grand Avenue, Englewood, NJ 07631. Verizon lacks sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. It is admitted that Defendant Verizon is a company which actively serves customers from New Jersey and elsewhere. By way of further answer, Verizon states that it maintains its corporate headquarters at 140 West Street, New York, New York 10007.

1

3. It is admitted that Verizon conducts business in every county in the State of New Jersey, including Bergen County. The allegation that venue was properly laid in Bergen County, prior to the removal of this action to Federal Court, is a legal conclusion to which no response is required. By way of further response, appropriate venue for this Court in the Superior Court of New Jersey is no longer relevant as the case has been properly removed to the United States District Court for the District of New Jersey.

4. With respect to the allegations contained in paragraph 4 of the Complaint, Verizon admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 4 of the Complaint.

5. With respect to the allegations contained in paragraph 5 of the Complaint, Verizon admits only that J.D. is an enrollee in the self-funded group health benefit plan of Verizon. Except as so admitted, Verizon lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Verizon admits only that C.N. is an enrollee in the self-funded group health benefit plan of Verizon. Except as so admitted, Verizon lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 6 of the Complaint.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Verizon admits only that D.G. (improperly identified in the Complaint as "D.Z.") is an enrollee in the self-funded group health benefit plan of Verizon. Except as so admitted, Verizon lacks

sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 7 of the Complaint.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Verizon admits only that L.U. is an enrollee in the self-funded group health benefit plan of Verizon. Except as so admitted, Verizon lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 9 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

10. With respect to the allegations contained in paragraph 10 of the Complaint, Verizon admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 10 of the Complaint.

11. Verizon denies each and every allegation contained within paragraph 11 of the Complaint.

12. Verizon denies each and every allegation contained within paragraph 12 of the Complaint.

13. Verizon denies each and every allegation contained within paragraph 13 of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, Verizon admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 14 of the Complaint.

15. With respect to the allegations contained in paragraph 15 of the Complaint, Verizon admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 15 of the Complaint.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Verizon admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 16 of the Complaint.

17. With respect to the allegations contained in paragraph 17 of the Complaint, Verizon admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 17 of the Complaint.

18. Verizon admits that Plaintiff has demanded payment and demands payment herein of $72,392.14 but denies that it is liable in that amount or any amount.

19. Verizon admits only that one or more appeals were submitted by Plaintiff or by an entity purporting to act on Plaintiff's behalf. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 19 of the Complaint.

20. Verizon denies each and every allegation contained within paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 21 of the Complaint.

**FIRST COUNT**
**(VIOLATION OF ERISA)**

22. Verizon repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

23. The allegation contained in paragraph 23 of the Complaint is a legal conclusion to which no response is necessary. With respect to the allegation contained in paragraph 23 of the Complaint, Verizon admits that Section 502(A) of ERISA provides plan beneficiaries with the right to bring an action to recover benefits under a benefit plan governed by ERISA. To the extent these allegations may be construed to allege or imply any liability against Verizon, they are denied.

24. With respect to the allegations contained in paragraph 24 of the Complaint, Verizon admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 28 of the Complaint.

2883021-01

29. The allegations contained in paragraph 29 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 30 of the Complaint.

31. With respect to the allegations contained in paragraph 31 of the Complaint, Verizon admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, Verizon denies each and every other allegation contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 35 of the Complaint.

**WHEREFORE**, Verizon demands judgment dismissing Plaintiff's Complaint plus other such relief to which Verizon is entitled as a matter of federal and state law.

## SECOND COUNT
## (ERISA – BREACH OF FIDUCIARY DUTY)

36. Verizon repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

37. The allegations contained in paragraph 37 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 39 of the Complaint.

40. The allegations contained in paragraph 40 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 40 of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 42 of the Complaint.

**WHEREFORE**, Verizon demands judgment dismissing Plaintiff's Complaint plus other such relief to which Verizon is entitled as a matter of federal and state law.

## THIRD COUNT
## (NEGLIGENT MISREPRESENTATION)

43. Verizon repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

44. The allegations contained within paragraph 44 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained within paragraph 44 of the Complaint.

45. The allegations contained within paragraph 45 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained within paragraph 45 of the Complaint.

46. The allegations contained within paragraph 46 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained within paragraph 46 of the Complaint.

47. The allegations contained within paragraph 47 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained within paragraph 47 of the Complaint.

**WHEREFORE**, Verizon demands judgment dismissing Plaintiff's Complaint plus other such relief to which Verizon is entitled as a matter of federal and state law.

## **FOURTH COUNT**

48. Verizon repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

49. Verizon is without sufficient information to admit or deny the allegations contained within paragraph 49 of the Complaint. To the extent an answer is deemed necessary, Verizon denies each and every allegation contained in paragraph 49 of the Complaint.

**WHEREFORE**, Verizon demands judgment dismissing Plaintiff's Complaint plus other such relief to which Verizon is entitled as a matter of federal and state law.

        **CONNELL FOLEY LLP**
        Liberty View
        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002
        (856) 317-7100

        *Attorneys for Defendant*
        *Verizon Communications Inc.*

BY:   */s/Thomas Vecchio*
        Thomas Vecchio, Esquire

DATE:   April 4, 2013

2883021-01

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff is limited to the remedies thereunder as against Verizon which are limited to payment of health benefits that were allegedly denied.

3. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff's claims are pre-empted by ERISA.

4. Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefit plan.  Therefore, this action is premature.

5. Plaintiff's claims are barred by the express terms of the applicable health benefits plan.

6. Plaintiff seeks benefits that are not eligible for coverage according to the terms of the applicable health benefits plan.

7. Verizon did not owe any legal or contractual duty to Plaintiff.

8. Plaintiff lacks standing to assert the claims in the Complaint.

9. Verizon did not violate any legal or contractual duty owed to Plaintiff

10. Verizon acted reasonably and in good faith at all times.

11. Plaintiff's complaint is barred by the equitable Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

**WHEREFORE**, Verizon demands judgment dismissing Plaintiff's Complaint plus other such relief to which Verizon is entitled as a matter of federal and state law.

> **CONNELL FOLEY LLP**
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> (856) 317-7100
>
> *Attorneys for Defendant*
> *Verizon Communications Inc.*
>
> BY:   */s/Thomas Vecchio*
>         Thomas Vecchio, Esquire

DATE:   April 4, 2013

2883021-01

## **CERTIFICATE OF SERVICE**

I, Thomas Vecchio, of full age, hereby certify that the original of the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

> Andrew Bronsnick, Esquire
> Massood & Bronsnick
> 50 Packanack Lake Road East
> Wayne, NJ 07470

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: */s/Thomas Vecchio*

DATED: April 4, 2013           Thomas Vecchio, Esquire